UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

UNITED STATES OF AMERICA    )
                            )
v.                          )    NO. 2:04-CR-26
                            )
MATTHEW PATTON NUNLEY       )

**O R D E R**

This matter is before the Court to address the government's "Motion to Reconsider" the Court's order granting the defendant's Motion for a New Trial. [Doc. 70]. In granting the defendant a new trial, this Court concluded that the admission of a National Firearms Registration and Transfer Record Search Certificate (ATF Certificate) which certified that, "after diligent search of the said record" no evidence was found that the destructive devices in this case "are registered to, or have been acquired by lawful manufacture, importation, or making by, or transferred to Matthew Patton Nunley" violated the defendant's constitutional rights under the confrontation clause pursuant to *Crawford v. Washington*, 541 U.S. 36, 124 S. Ct. 1354, 158 L Ed. 2d 177 (2004) because the evidence was testimonial and the agent who completed the certificate was not a witness at trial and was not subject to cross-examination by the

defendant. Relying primarily on *United States v. Metzger*[1], 778 F. 2d 1195 (6th Cir. 1985) and *United States v. Rueda-Rivera*[2], 396 F. 3d 678 (5th Cir. 2005), the government argues that the Court's reliance on *United States v. Robinson*, 389 F. 3d 582 (6th Cir. 2004) and *United States v. Cromer*, 398 F. 3d 662 (6th Cir. 2004) was misplaced and further argues that any error in the admission of the ATF Certificate, if error there was, was harmless.

This Court has carefully considered the government's arguments but concludes that the admission of the ATF Certificate, for the reasons set forth in its prior order, was in error and violated the defendant's rights under the confrontation clause of the United States Constitution. However, since the Court's prior order did not specifically address the government's argument that, even if admission of the ATF Certificate was in error, a new trial is not warranted in this case because the alleged violation of the confrontation clause constitutes harmless error, the Court will address that issue.

---

[1] *United States v. Metzger* is a decision predating *Crawford v. Washington* which held that the admission of ATF "no records" certifications did not violate the defendant's confrontational clause rights. This decision is of little assistance to the Court since it did not consider the question in light of the distinction drawn by *Crawford* between testimonial and non-testimonial hearsay.

[2] The government is correct that the Fifth Circuit has held in *United States v. Rueda-Rivera* that a "certificate of non-existence of record" offered by the government in that case to establish that the defendant had not received consent to reenter the United States was admissible because the certificate was not a testimonial statement but rather was "like" a business record which the Supreme Court had given as an example of a statement that by its nature was not testimonial.

2

It is well settled that Confrontation Clause violations are subject to harmless error review. See *Coy v. Iowa*, 487 U.S. 1012, 1021, 108 S.Ct. 2798, 101 L.Ed.2d 857 (1988); *Delaware v. Van Arsdall*, 475 U.S. 673, 684, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) *Chapman v. California*, 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967);*Bulls v. Jones*, 274 F.3d 329, 334 (6th Cir.2001). For a constitutional error to be harmless, it must appear "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." *Neder v. United States*, 527 U.S. 1, 15, 119 S.Ct. 1827, 144 L.Ed.2d 35 (1999); *Chapman v. California*, 386 U.S. 18, 24, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967).

The government essentially argues that the alleged error is harmless for three reasons:

1. The defendant did not dispute that he had not registered or attempted to register the destructive devices at issue in this case;

2. The defense had the opportunity to question a 12 year veteran of the ATF about the National Firearms Registration and Transfer Registry; and

3. The co-defendant in the case testified that no attempt was made to register the pipe bombs at issue in this case and an AFT expert testified that registration was, in any event, an impossibility.

The Court will address each of these separately.

*The defense theory of the case*:

The government argues that the defendant's defense in this case was that the defendant did not "knowingly" manufacture or possess destructive devices and that, therefore, any attempt to register the pipe bombs or destructive devices in this case would be directly contrary to the defense asserted. The government further argues that "based on defense theory alone, any admission of the ATF certificate of no record was harmless error." The government essentially argues that the defendant implicitly admitted that he did not register or attempt to register the destructive devices at issue in this case.

Regardless of the defense theory in this case, the defense theory cannot serve to relieve the government of the burden of proving all essential elements of the alleged offenses. There was no stipulation or admission by the defendant in this case concerning the lack of registration or application for registration of these pipe bombs and the government's argument that the admission of the ATF Certificates was justified because "it was [n]ever asserted that the defendant had attempted or had registered the pipe bombs" is an effort to shift the burden of proof to the defendant. Simply put, the defense theory does not establish that admission of the ATF Certificate was harmless error.

4

*Defense opportunity to examine a 12-year veteran about the Bureau of Alcohol, Tobacco and Firearms Registry*:

The government argues that the alleged error was rendered harmless in this case because the defense had the opportunity to question a 12-year veteran ATF officer, who was the agent who directed that a search of the records be conducted, about his knowledge of the registry, how the registry was maintained and how the search was conducted. In making this argument, the United States relies on an unreported decision of the Sixth Circuit, *United States v. Gaines*, 105 F. Appx. 682 (6th Cir. 2004). While that decision has no precedential value in this case, it is clearly distinguishable from the situation at hand. In *Gaines*, the district court allowed the testimony of a laboratory technician who worked in the same laboratory as the technician who had preformed the lab tests at issue to testify concerning the testing process and the test results. Although the extent of the witness' involvement in the actual testing process was disputed at trial, the witness had clearly reviewed the test results and had endorsed them as her own based upon her expertise in the field. The witness also reviewed the results of the testing for accuracy. The Sixth Circuit held that *Gaines* received the opportunity to cross-examine the witness regarding the laboratory reports, the tests preformed and the test results and, thus, the confrontation clause requirement was met. Here,

however, there is no testimony to suggest that the AFT agent through whom the ATF Certificates were introduced was involved in the search process, except for the fact that he requested that the search be conducted. There was no evidence that he reviewed the search results for accuracy or that, based upon his expertise in the field, he endorsed the search results. The agent's testimony does not establish that the error was harmless.

*Co-defendant's testimony that there was no attempt to register devices*:

The co-defendant of Nunley testified at the trial concerning his involvement in the manufacture and possession of these pipe bombs. Upon direct examination, he testified as follows:

Q: Did you or Mr. Nunley file any papers or attempt to register these pipe bombs?
A: No, Sir.

This testimony was received without objection from the defendant and the government did not attempt to establish the source or basis for co-defendant's knowledge about any attempt to register these pipe bombs. The government further argues that this testimony is bolstered by testimony from ATF Agent Guerra that registration of these devices or application for permission to manufacture these devices was a legal impossibility. This testimony, admitted without objection, was quite likely irrelevant because nothing in the National

6

Firearms Act or the regulations promulgated thereunder by the ATF prohibit the registration of pipe bombs. *See United States v. Mise*, 240 F. 3d 527, (6th Cir. 2001); *United States v. Gambill*, 129 F. 3d 1265, 1997 WL 720460 (6th Cir. 1997) (unpublished disposition). Guerra's testimony is not sufficient to establish the lack of registration or application to register.

As set forth above, for a constitutional error to be harmless, it must appear "beyond a reasonable doubt that the error complained of did not contribute to the verdict obtained." Based upon the testimony at trial and the record as a whole, this Court cannot find beyond a reasonable doubt that the *Crawford* error complained of, *i.e.* the admission of the ATF Certificates without producing the agent that prepared them, did not contribute to the jury's verdict of guilty. In fact, it is quite likely that these official documents, the cover sheet for which was signed by a high ranking official of the United States Department of Justice and to which had been affixed an official seal, quite likely did influence the jury's decision at least as to the element of registration (Count 1) or application for registration (Count 2). Accordingly, it is hereby **ORDERED** that the government's motion to reconsider is **DENIED**.

The government, of course, may appeal this Court's decision. If no notice of appeal is filed by the government within the applicable time period, a status

7

conference will be held in this matter on Monday, May 2, 2005 at 9:00 a.m. to set this case for trial.

  ENTER:

                s/J. RONNIE GREER
                UNITED STATES DISTRICT JUDGE